NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICHARD HAINES,

          Petitioner,

          v.

UNITED STATES OF AMERICA,

          Respondent.

Civil Action No. 22-7461 (KMW)

**OPINION**

**WILLIAMS**, District Judge:

This matter comes before the Court on the petition for a writ of habeas corpus filed by Petitioner Richard Haines purportedly brought pursuant to 28 U.S.C. § 2241. (ECF No. 1.) As Petitioner has now paid the filing fee (*see* ECF Docket Sheet), this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition shall be dismissed for lack of jurisdiction.

I.      **BACKGROUND**

Petitioner is a convicted federal prisoner currently detained at the Fort Dix Federal Correctional Institution. (ECF No. 1 at 1.) He is currently serving a prison sentence arising out of a conviction for child pornography charges in the Eastern District of Pennsylvania. (*Id.*) In his current petition, he seeks to challenge those charges on the basis of alleged newly discovered evidence. (*Id.* at 1-10.) However, this petition is not Petitioner's first attempt at filing a collateral

attack on his conviction. He previously filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 which was apparently dismissed as untimely by the Eastern District of Pennsylvania. (*Id.* at 2.) Because Petitioner is barred from pursuing his challenge through a § 2255 motion, Petitioner now asserts that he may proceed under § 2241 because § 2255 is no longer available to him. (*Id.*)

## II.     LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III.    DISCUSSION

In his current petition, Petitioner seeks to challenge his federal convictions, asserting that he is entitled to proceed under § 2241 because he can no longer file a timely § 2255 motion. Generally, a federal prisoner seeking to challenge his conviction or sentence must do so through "a motion filed under 28 U.S.C. § 2255 in the sentencing court." *Rodriguez v. Warden Lewisburg USP*, 645 F. App'x 110, 112 (3d Cir. 2016) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). A prisoner may instead challenge his conviction through a § 2241 petition filed

in his district of confinement, however, when he can show that the remedy available through a § 2255 motion is inadequate or ineffective to test the legality of his detention.  *Id.*; *see also In re Dorsainvil*, 119 F.3d 245, 249-51 (3d Cir. 1997).  The § 2255 remedy will only be inadequate "where the petitioner demonstrates that some limitation of scope or procedure would prevent the petitioner from receiving adequate adjudication of his or her claims under § 2255.  This exception is extremely narrow and applies only in rare circumstances." *Concepcion v. Zichefoose*, 442 F. App'x 622, 623 (3d Cir. 2011); *Okereke*, 307 F.3d at 120-21; *Dorsainvil*, 119 F.3d at 251-52.  The § 2255 remedy will not be inadequate or ineffective merely because the petitioner cannot meet that statute's gatekeeping requirements, and will instead be inadequate only in the rare circumstances where an intervening change of law renders a given conviction unlawful *and* the petitioner was deprived of a previous opportunity to raise a challenge on that basis. *Dorsainvil*, 119 F.3d at 251-52.

  Here, Petitioner seeks to use § 2241 to raise garden variety challenges to his conviction based on alleged newly discovered evidence and ineffective assistance of counsel.  He does not allege that his conduct has been rendered non-criminal based on an intervening change in law, but instead believes he is entitled to proceed under § 2241 merely because he believes he is actually innocent and because he cannot meet the gatekeeping requirements of § 2255 – specifically, because his previous motion was dismissed as untimely and he is now subject to the bar on second or successive § 2255 petitions.  However, Petitioner is mistaken.  He may not resort to § 2241 merely because he cannot meet the requirements of § 2255 – a prisoner may not resort to a habeas petition merely because he failed to timely file his motion to vacate sentence. *Id.*; *see also Okereke v. United States*, 307 F.3d 117, 120-21 (3d Cir. 2002) (§ 2255 is not inadequate or ineffective "merely because that petitioner is unable to meet the stringent gatekeeping requirements" of the statute.)  Clearly, Petitioner *could* have raised his current claims through a § 2255 motion had he

3

properly and timely raised them, and § 2255 is neither inadequate nor ineffective in providing relief for such claims. Therefore, he may not resort to § 2241 to raise such claims. *Id.*

That Petitioner has raised a claim of actual innocence does not change this result. The *Dorsainvil* exception applies only in the limited circumstance where a petitioner is actually innocent of criminal conduct based "on the theory that he is being detained for conduct that has been subsequently rendered non-criminal" by an intervening change in the law. *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017). In such a circumstance, § 2255 becomes inadequate or ineffective because where its limitation period ran prior to the conduct being rendered non-criminal, creating a bind where the petitioner had *no* earlier opportunity to raise a claim of legal innocence of criminal conduct. *Id.* Here, Petitioner instead is attempting to raise a claim of *factual* innocence, a claim he clearly could have raised previously, including in his failed § 2255 motion. Indeed, had Petitioner chosen to proceed to trial rather than plead guilty, he most likely could have raised his claims prior to his conviction itself. *See United States v. Haines*, No. 13-137, 2021 WL 1667455, at *3 (E.D. Pa. Apr. 27, 2021) (noting that Petitioner's current claims "are either recharacterizations of previously presented claims or could have been previously known or discovered through due diligence"). Because it is clear Petitioner had earlier opportunities to raise such claims, the *Dorsainvil* exception does not apply, and Petitioner's claims may not be raised through a § 2241 petition.[1] *Id.* Petitioner's habeas petition is therefore barred

---

[1] Even if a mere factual actual innocence claim could serve as a basis for resorting to § 2241, Petitioner's habeas petition falls far short of raising such a claim. At minimum, a claim of actual innocence would require a petitioner to show that, based on newly presented evidence of *factual* rather than technical innocence, "it is more likely than not that no reasonable juror would have convicted him." *Id.* at 184; *see also McQuiggan v. Perkins*, 569 U.S. 383, 399 (2013). The standard of proof required to make out such a claim is thus "extraordinarily high," *Albrecht v. Horn*, 485 F.3d 103, 122 (3d Cir. 2007), and requires "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggan*, 569 U.S. at 399. Petitioner's current petition falls far short of making such a claim. Petitioner does little more than assert that some

under § 2241, notwithstanding his mere assertion of innocence, and this Court lacks jurisdiction over his claims. *Okereke*, 307 F.3d at 120-21. Although the Court could transfer this matter to the Eastern District for consideration under § 2255, because his previous motion was dismissed as time barred and it is clear that any such motion would be both untimely and barred as a second or successive motion brought without leave of the Court of Appeals, this Court finds that any such transfer would be futile, and will therefore dismiss the petition.

IV.     **CONCLUSION**

In conclusion, Petitioner's habeas petition (ECF No. 1) is dismissed for lack of jurisdiction. An order consistent with this Opinion will be entered.

*Karen M. Williams*
Hon. Karen M. Williams,
United States District Judge

---

chicanery *must* have caused illegal images to appear on his computer as an initial search allegedly found no images containing nudity, while a subsequent search some time later after the computer had remained in evidence custody produced the illicit images leading to his conviction. Such an assertion is not evidence at all – it is merely argument and assumption. Nothing Petitioner has submitted is suggestive of his factual innocence. That Petitioner willingly chose to plead guilty further undercuts his claim of innocence. Because Petitioner has failed to make out a claim of actual innocence, his petition thus would not serve as a valid basis for relief even if his claim could be raised under § 2241.