**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD HAINES,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil Action No. 22-7461 (KMW)<br><br>**MEMORANDUM ORDER** |

  This matter comes before the Court on Petitioner Richard Haines' motion (ECF No. 6) seeking reconsideration of this Court's order and opinion (ECF Nos. 4-5) dismissing his petition as it was improperly brought pursuant to 28 U.S.C. § 2241 and his claims could instead only be raised through a motion to vacate sentence in the court which entered his judgment of conviction, the Eastern District of Pennsylvania. The scope of a motion for reconsideration of a final judgment brought pursuant to Rule 59(e) is extremely limited. *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A Rule 59(e) motion may be employed "only to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* "'Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [decided the motion], or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Id.* (quoting *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.2d 237, 251 (3d Cir. 2010)). In this context, manifest injustice "generally . . . means that the Court overlooked some dispositive factual or legal matter that was presented to it," or that

a "direct, obvious, and observable" error occurred. *See Brown v. Zickefoose*, Civil Action No. 11-3330, 2011 WL 5007829, at *2, n. 3 (D.N.J. 2011).

In his motion for reconsideration, Petitioner presents no arguments that this Court erred in its legal analysis or conclusion, and instead disputes this Court's characterization of his claims – specifically the Court's brief statement in a footnote that Petitioner was claiming that "an initial search allegedly found no images containing nudity, while a subsequent search some time later after the computer had remained in evidence custody produced the illicit images leading to his conviction." (*See* ECF No. 4 at 5 n. 1.) In his new motion, Petitioner clarifies solely to the extent of saying that his actual claim is that between those two searches the computer was allegedly removed from custody and that it was during this period that he claims evidence against him was fabricated or otherwise produced. (ECF No. 6.) Petitioner's clarification does not alter what he is trying to do – to present a garden variety collateral attack against his conviction, which he may not do through § 2241 under these circumstances as explained in this Court's prior opinion. *See In re Dorsainvil*, 119 F.3d 245, 249-52 (3d Cir. 1997); *see also Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017); *Okereke v. United States*, 307 F,3d 117, 120-21 (3d Cir. 2002). Petitioner has not shown that the dismissal of his habeas petition was erroneous, and has otherwise failed to set forth any valid basis for reconsideration of his petition, and his motion must therefore be denied.

**IT IS THEREFORE** on this 15 day of March, 2023,

**ORDERED** that the Clerk of the Court shall re-open this matter for the purposes of this Order only; and it is further

**ORDERED** that Petitioner's motion for reconsideration (ECF No. 6) is **DENIED**; and it is finally

2

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Petitioner by regular mail, and shall **CLOSE** the file.

Hon. Karen M. Williams,
United States District Judge